IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TOMMY PRINE                                                                            PETITIONER

VERSUS                                               CIVIL ACTION NO. 2:07cv54-KS-MTP

CHUCK ABRAMS, Warden of the Marion-Walthall
County Correctional Facility                                                      RESPONDENT

## OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal.  Petitioner Tommy Prine, an inmate at the Marion -Walthall County Correctional Facility, Columbia, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  On April 12, 2007, petitioner was ordered [4-1] to file a written response providing information regarding the exhaustion of this case with the state courts of Mississippi.  The petitioner filed his response [5-1] on April 25, 2007.  As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

### Background

Petitioner states that he pled guilty in the Circuit Court of Jefferson Davis County to the criminal charge of attempted robbery.  The reason the petitioner has filed this petition is because he argues that his sentence should be credited with approximately 660 days he served in the Jefferson Davis County Jail.  The petitioner complains that the Jefferson Davis County Jail officials failed to "book" him out when he was transferred to Marion County for court and "book" him in when he returned to their facility.

The petitioner attaches to his petition an Opinion and Order entered on February 26, 2007, by the Circuit Court of Jefferson Davis County, in Prine v. State, 2007-26P (Miss. Feb. 26, 2007), holding the petitioner's motion for post-conviction collateral relief in abeyance giving the petitioner 90-days to complete the Mississippi Department of Corrections' ARP program.

## Analysis

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. <u>Sterling v. Scott</u>, 57 F.3d 451, 453 (5th Cir.1995), <u>cert. denied</u>, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir.1999).

A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).  The petitioner admits in his response [5-1] that he has pending before the state trial court a motion for post-conviction relief.  Therefore, petitioner has failed to exhaust all of his available state court remedies.  As such, this case shall be dismissed, without prejudice, for petitioner's failure to exhaust his available state court remedies.

A final judgment in accordance with this opinion and order shall issue this date.

SO ORDERED, this the 14th day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE